UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NUMBER:

Steven Randall Williams,

      Plaintiff,

vs.

Carnival Corporation, a foreign corporation,

      Defendant,          /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Steven Randall Williams, sues Defendant, Carnival Corporation, for damages and alleges as follows:

1. Plaintiff is a citizen of Florida and was a passenger aboard the CARNIVAL ECSTACY on December 23, 2015.

2. Defendant, Carnival Corporation, a foreign corporation is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation operated the vessel CARNIVAL ECSTACY from the Port of Miami, to various ports in the Caribbean.

4. The claim of the Plaintiff is a maritime personal injury claim.

5. Jurisdiction is proper under 28 U.S.C. § 1333.

6. Venue is proper under 28 U.S.C. 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

7. Defendant, Carnival Corporation has the duty to use reasonable care under

the circumstances when operating its cruise.

8. On December 23, 2015, Steven Randall Williams was injured when he slipped and fell stepping out of his cabin shower/bathroom onto the floor of his cabin. There were no mats, non-skid flooring material or any other material to prevent him from slipping when exiting the shower and bathroom. As a result of the fall he sustained an injury to his right knee, right quadricep injury and injury to his ribs on the right side. The injury to his knee required surgery.

9. The injuries sustained by the Plaintiff and were caused by the negligence of Defendant, Carnival Corporation, it's employees, staff, crewmembers, owners, agents and operators by the following acts of omission and commission:

   a. Failure to correct an unsafe or known condition, which was the dangerous condition created by a slippery floor after a shower/bathroom;

   b. Failure provide a mat to prevent passengers from slipping and falling after exiting the shower/bathroom area;

   c. Failure to provide any type of non-skid flooring to prevent passengers from slipping and falling after exiting the bathroom/shower area;

   d. Failure to timely inspect the main cabin floor in and around the bathroom/shower in the staterooms to ensure they were not a slipping hazard when wet (i.e., when people are stepping out of the bathroom/shower);

10. Defendant either knew or in exercise of reasonable care should have known of the dangerous condition and slipping hazard created by not providing any type of mat or non-skid material on the cabin floor for passengers to step on when exiting the bathroom/shower area.

11. As a direct and proximate result of the Defendant's negligence, Plaintiff, Steven Randall Williams, suffered injuries to right knee, right quadricep, right side ribs and bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing case and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Steven Randall Williams, prays for a judgment to be entered against the Defendant, Carnival Corporation for compensatory damages in the amount of $250,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH, ESQUIRE
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue
Suite 325
Tampa, Florida 33606
(813) 254-1557 Telephone
(813) 254-5172 Facsimile
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
Attorney for Plaintiff